Catherine Gilday
vs. No. 86059
William J. Carter. Ex'r.

March 11, 1932.

CAPOTOSTO, J. The plaintiff sues for services as housekeeper and for some practical nursing. She seeks compensation from the estate of John Keenan from the death of his wife September 2, 1917, until his death on July 19, 1930, a total of 662 weeks, at $15 a week, or $9,930.

The jury found for the defendant and plaintiff seeks a new trial.

John Keenan was 79 years old when he died. He left an estate of around $8,000. He also left a will which di-

rected the payment of $3,000 to the plaintiff. Everyone said that the deceased was a kind and just man, who met his obligations as promptly as circumstances warranted. Through hard work he succeeded in accumulating a little property. The Keenans not only took the plaintiff into their home as a child, but also gave refuge to her brothers and sisters for many years. In fact, the plaintiff herself came to be considered, and actually conducted herself, as one of the Keenan family from childhood up to the time of Keenan's death in 1930.

The plaintiff claims that in the afternoon of the very day of Mrs. Keenan's funeral in 1917, Mr. Keenan told her, in the presence of her sister, that he wanted her to stay with him and that he would compensate her for her services. No price was fixed and no money was ever paid to the plaintiff from the day of the alleged promise up to the bringing of this case. The plaintiff stated that during all this time the deceased asked her indulgence and repeatedly promised payment.

The details of the home life of the Keenans and the Gildays were fully brought out in testimony. There were joys and sorrows, hard work for all, disappointments, and even a serious misunderstanding between father and son, fortunately overlooked by both a few years before the father's death. The plaintiff undoubtedly did her part in the household but at the same time she was given a comfortable home for practically her entire life. She was treated as one of the family at all times. Gratitude should have supplied any deficiency in dollars and cents. But even in money matters, keeping in mind the size of the estate she did not fare badly at all. Mr. Keenan, after his wife's death, named the plaintiff as beneficiary in an insurance policy of $1,000, which she admits she has collected. She is left a legacy of $3,000 in the will which Mr. Keenan made

some few years after the alleged promise of employment of the plaintiff in 1917. The plaintiff probably is disappointed because she did not get the testator's entire estate.

The Court feels that the will fully carries out the real understanding between the parties and, furthermore, that it does actual justice to all parties concerned. Mr. Keenan's will should not be nullified by a collateral attack which has failed to meet the approval of a jury.

Motion for new trial denied.

For plaintiff: George F. Troy.

For defendant: Comstock & Canning.